1   David Borgen (SBN 099354)
    dborgen@gbdhlegal.com
2   James Kan (SBN 240749)
    jkan@gbdhlegal.com
3   GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
4   Oakland, CA  94612
    Tel:  (510) 763-9800
5   Fax:  (510) 835-1417

6   Gregg I. Shavitz
    gshavitz@shavitzlaw.com
7   SHAVITZ LAW GROUP, P.A.
    1515 South Federal Highway Suite 404
8   Boca Raton, FL  33432
    Tel:  (800) 616-4000
9   Fax:  (561) 447-8831

10   Attorneys for Plaintiffs and the Putative Class

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13

14   STEVE RULLI, JOSE BUENROSTRO,        Case No.:  3:14-CV-01835 VC
     EDWIN BUMP, and ENRIQUE CRUZ on
15   behalf of themselves and all others similarly   **[REVISED] [~~PROPOSED~~] ORDER GRANTING**
     situated,                            **PRELIMINARY APPROVAL OF CLASS**
16                                         **ACTION SETTLEMENT**
             Plaintiffs,
17
     vs.
18
     NIELSEN COMPANY (U.S.) LLC,
19
             Defendant.
20

21

22

23

24

25

26

27

28

1    The Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs Steve

2    Rulli, Jose Buenrostro, Edwin Bump, and Enrique Cruz ("Plaintiffs"), came on for hearing regularly in

3    Courtroom 6 of the above captioned court, the Honorable Vincent Chhabria presiding.  Defendant

4    Nielsen Company (US), LLC ("Nielsen" or "Defendant") does not oppose the motion.

5    On April 22, 2014, Plaintiffs filed a complaint against Nielsen on behalf of themselves and

6    other employees.  Plaintiffs allege, among other things, that employees are owed compensation for

7    hours worked (including regular wages, minimum wages and overtime wages), meal periods, rest

8    breaks, untimely final pay and inaccurate itemized wage statements, and related penalties.  The lawsuit

9    seeks damages for lost wages, interest, penalties, injunctive relief, and attorneys' fees and expenses.

10   Defendant denies all of Plaintiffs' claims.

11   After initial exchanges of information, the Parties entered into private mediation before

12   respected neutral mediator Mark Rudy, Esq. to try and resolve the claims.  As a result of that mediation

13   on September 16, 2014, and under the auspices of Mr. Rudy, the Parties reached a settlement.  The

14   Parties then entered into a Stipulation of Settlement and Release on or around November 6, 2014.

15   A preliminary hearing was held before this Court on December 18, 2014 at 10:00 a.m., for the

16   purpose of determining, among other things, whether the proposed Stipulation of Settlement was

17   within the range of possible approval and whether notice to the Class of its terms and conditions, and

18   the scheduling of a formal fairness hearing, also known as a final approval hearing, will be appropriate.

19   Appearing at the hearing was counsel for Orrick, Herrington & Sutcliffe LLP on behalf of Defendant;

20   and counsel for Goldstein, Borgen, Dardarian & Ho on behalf of Plaintiffs and the Class.

21   At the hearing, the Court made several suggestions for revising the proposed class action

22   settlement agreement and for revising the proposed class notice.  The Court denied the motion for

23   preliminary approval but without prejudice to its renewal by means of an administrative motion

24   without a further hearing (Dkt. No. 42).  The Court requested that counsel resubmit these documents

25   once revised pursuant to the Court's suggestions.  The parties have agreed to the revisions (attached)

26   and to the filing of the suggested administrative motion, filed on December 24, 2014.

27

28

556089 8

1    Having reviewed the papers and documents presented, having heard the statements of counsel,

2    having considered the matter, including the renewed motion submitted pursuant to L.R. 7-11, the Court

3    HEREBY ORDERS as follows:

4    1.      The Court hereby GRANTS Preliminary Approval of the terms and conditions

5    contained in the Stipulation of Settlement (as modified by the Amendment to Stipulation of Settlement

6    and Release dated December 23, 2014), attached hereto as Exhibit 1.  The Court preliminarily finds

7    that the terms of the Stipulation of Settlement (as amended) appear to be within the range of possible

8    approval, pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act and applicable

9    law.

10   2.      The Court finds on a preliminary basis that:  (1) the settlement amount is fair and

11   reasonable to the Class Members when balanced against the probable outcome of further litigation

12   relating to class certification, liability and damages issues, and potential appeals; (2) significant

13   informal discovery, investigation, research, and litigation have been conducted such that counsel for

14   the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this

15   time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of

16   the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and

17   non-collusive negotiations between the Parties.  Accordingly, the Court preliminarily finds that the

18   Stipulation of Settlement (as amended) was entered into in good faith.

19   3.      The Court hereby GRANTS conditional certification of the provisional California Class

20   and California FLSA Class, in accordance with the Stipulation of Settlement (as amended), for the

21   purposes of this Settlement only.  The California Class is defined as "all current and former employees

22   employed in field representative, field quality specialist and/or market quality specialist positions or

23   senior variations of those titles by Defendant in California between April 22, 2010 and the date of

24   Preliminary Approval of the Settlement or December 31, 2014, whichever is earlier, and who did not

25   previously execute general releases" and the California FLSA Class is defined as "all current and

26   former employees employed in field representative, field quality specialist and/or market quality

27   specialist positions or senior variations of those titles by Defendant in California between January 9,

28   2011 and the date of Preliminary Approval of the Settlement, whichever is earlier."

556089 8

4. The Court hereby authorizes the retention of Rust Consulting as Settlement Administrator for the purpose of the Settlement with reasonable administration costs estimated not to exceed $10,000.00.

5. The Court hereby conditionally appoints Goldstein, Borgen, Dardarian & Ho and Shavitz Law Group, P.A. as counsel for the Class, and Plaintiffs as class representatives for the Class.

6. The Court hereby APPROVES the (Revised) Notice attached hereto as Exhibit A. The Court finds that the (Revised) Notice, along with the related notification procedure contemplated by the Stipulation of Settlement (as amended), constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the (Revised) Notice appears to fully and accurately inform the Class Members of all material elements of the proposed Stipulation of Settlement, of the California Class Members' right to be excluded from the Settlement, and of each California Class Member's right and opportunity to object to the Settlement. Subject to the terms of the Stipulation of Settlement, the (Revised) Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Stipulation of Settlement (as amended). The parties are authorized to make non-substantive changes to the proposed Class Notice that are consistent with the terms of the Settlement and this Order.

7. The Court hereby APPROVES the proposed procedure for California Class Member exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packet to California Class Members. Any California Class Member who submits an Exclusion Letter shall not be a Member of the California Class, shall be barred from participating in the California Class Settlement and shall receive no benefit from the California Class Settlement.

8. The Court hereby APPROVES the proposed California Class Form and California FLSA Opt In Form for use in administering the Settlement, attached hereto as Exhibit B and C. The applicable documents must be mailed to Class Members along with the Notice. Subject to the terms of the Stipulation of Settlement, California FLSA Class Members must sign, date and return completed

3

556089 8

California FLSA Opt In Forms to the Settlement Administrator postmarked no later than sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packets to Class Members in order to receive a monetary payment.  The parties are authorized to make non-substantive changes to the proposed California Class Form and California FLSA Opt In Form that are consistent with the terms of the Settlement and this Order.

9.     The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Service Payment, with the appropriate declarations and supporting evidence, at least fourteen (14) days prior to the close of the Class Notice period to be heard at the same time as the motion for Final Approval of the Settlement.

10.    The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any California Class Members who request exclusion from the Settlement, by April 16, 2015.

11.    The Court further ORDERS that each California Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on May 21, 2015 at 10:00 a.m. in Courtroom 4 of the United States District Court, Northern District of California, San Francisco Division.  Any California Class Member seeking to object to the proposed Settlement may file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel or may appear at the Final Approval Hearing to make the objection.

12.    Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the Revised proposed Class Notice and adopts the following dates and deadlines:

| Deadline | Action |
|---|---|
| Within fourteen (14) calendar days after entry of the order granting Preliminary Approval | Defendant shall provide to the Settlement Administrator a list of all Class Members, including their name, social security number, last known address, telephone number, and Individual Work Weeks. |
| Within fourteen (14) calendar days of receipt of the Class Member list | The Settlement Administrator will send the Notice Packet via first class mail to all Class Members. |

| Deadline | Action |
|---|---|
| At least 14 days prior to the close of the Opt In Deadline and Exclusion Deadline | Class Counsel will file a motion seeking approval of their Fee and Expense Award and the proposed Service Payments to the Plaintiffs. |
| Sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packet to Class Members | Exclusion Deadline: deadline for California Class Members to request exclusion from the Settlement. Opt In Deadline: deadline for California FLSA Class members to opt into the Settlement. |
| Within fifteen (15) calendar days after the Settlement Administrator notifies the Parties of the number of Exclusion Letters received | If five or more of the California Class Members submit an exclusion letter, Nielsen will have the option of canceling the Settlement. |
| April 16, 2015 | Plaintiffs will move the Court for entry of Order of Final Approval and Judgment. |
| May 21, 2015 | Final Approval Hearing. |

13.    The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Stipulation of Settlement, are stayed.

14.    The Court further ORDERS that to facilitate administration of this Settlement, all California Class Members are hereby enjoined from filing or prosecuting any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such California Class Members have submitted Exclusion Letters with the Settlement Administrator.

15.    If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

16.    The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

IT IS SO ORDERED.

Dated: January 12, 2015

HON. VINCENT CHHABRIA

556089 8

# Exhibit 1

## AMENDMENT TO STIPULATION OF SETTLEMENT AND RELEASE

This Amendment to the Stipulation of Settlement and Release (Stipulation of Settlement") is made by Plaintiffs Steve Rulli, Jose Buenrostro, Edwin Bump and Enrique Cruz, on behalf of themselves and all others similarly situated, by and through their counsel of record, and defendant The Nielsen Company (US), LLC, by and through its counsel of record, (collectively "the Parties") in the action pending in the United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC ("Lawsuit"). This Amendment is made in accordance with paragraph 90 of the Stipulation of Settlement.

A.      The Parties agree that paragraph 35 of the Stipulation of Settlement will be amended to remove the deadline for objections. The term "Exclusion Deadline" shall replace the term "Objection/Exclusion Deadline" throughout the Stipulation of Settlement. Paragraph 35 will now read as follows:

35.     "Exclusion Deadline" means the date sixty (60) days following the date on which the Settlement Administrator first mails the Notice Packet to the Class Members.

B.      The Parties agree that paragraph 54 of the Stipulation of Settlement will be amended to remove the reference to California Civil Code section 1542. Paragraph 54 will now read as follows:

54.     The release of claims provided by this Stipulation of Settlement includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

C.      The Parties agree that paragraph 70 of the Stipulation of Settlement will be amended to revise the method for California Class Members to object to the Settlement. Paragraph 70 will now read as follows:

70.     In order to object to the Settlement, a California Class Member may file his or her objection with the Court and serve it on all Parties or may appear at the Final Approval hearing to make the objection.

D.      The Parties agree that paragraph 85 of the Stipulation of Settlement will be amended to add a sentence at the end to clarify the Court's continued jurisdiction. Paragraph 85 will now read as follows:

85.     Except for those matters to be resolved by the Mediator or the Settlement Administrator as expressly stated, any dispute regarding the interpretation or validity of or otherwise arising out of this Stipulation of Settlement, or relating to the Lawsuit or the Class Released Claims, shall be subject to the exclusive jurisdiction of the Court, and the Plaintiffs, Class Members, and Defendant agree to submit to the personal and exclusive jurisdiction of the Court. The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Stipulation of Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the

Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Stipulation of Settlement and all orders and judgments entered in connection therewith. After the Court enters the Final Approval Order and Judgment, it will not keep the Lawsuit on its docket, but will hear motions to re-open the Lawsuit if the Court's continuing jurisdiction is necessary to resolve a dispute or issue.

E.     The Parties further agree that **Exhibit 2** (California FLSA Opt In Form), **Exhibit 3** (Notice) and **Exhibit 4** (Preliminary Approval Order) attached to the Stipulation of Settlement are hereby amended in the form attached hereto.

Date: _____ 23, 2014

GOLDSTEIN, BORGEN, DARDARIAN & HO

By _____
~~James Kan~~  DAVID BORGEN

Date: Dec. 23, 2014

ORRICK, HERRINGTON & SUTCLIFFE LLP

By _____
Jessica R. Perry

# Exhibit A

REVISED PROPOSED CLASS NOTICE [CLEAN VERSION]

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

**IMPORTANT LEGAL NOTICE. THIS NOTICE AFFECTS YOUR RIGHTS AND YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT- PLEASE READ IT CAREFULLY.**

**I.     WHY DID I RECEIVE THIS NOTICE AND WHAT IS THE CASE ABOUT?**

1.      You are a potential Class Member in a class action lawsuit filed against The Nielsen Company (US), LLC ("the Lawsuit"). The Lawsuit alleges Nielsen failed to pay minimum, regular and overtime wages due for unpaid commute time, failed to provide meal and rest breaks, failed to pay all earned wages at termination, failed to furnish accurate wage statements and maintain accurate payroll records, engaged in unlawful business practices, and is subject to penalties under the California Private Attorney General Act (PAGA). The Lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.

2.      The Lawsuit includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, the Fair Labor Standards Act, the California Private Attorney Generals Act, and California Business and Professions Code Section 17200 *et seq.*

3.      The parties reached an agreement to settle all claims in the Lawsuit (the "Settlement") which was preliminarily approved by the United States District Court, Northern District of California ("the Court") on [date of preliminary approval]. The Court has ordered that this Notice be sent to you to inform you of the Settlement and your legal rights under the Settlement.

**II.    WHAT ARE THE POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT?**

4.      Nielsen believes all of its employees have been compensated in compliance with the law and denies that it has done anything wrong. Nothing about the Settlement may be used against Nielsen as an admission or indication of any fault or liability.

5.      Counsel for the Plaintiffs ("Class Counsel") has extensively investigated and researched the facts and law for the issues in the Lawsuit, and believes Plaintiffs have asserted valid claims. Taking all factors into account, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

6.      The parties both recognize that continuing to litigate the Lawsuit takes time and money and any outcome is uncertain. Therefore, the parties have agreed to settle this Lawsuit on the terms set forth in the Settlement.

7.      The Court has made no ruling on the merits of the claims or defenses in the Lawsuit and has determined only that certification of the Class for settlement purposes is appropriate under the law.

**III.   WHAT ARE THE SETTLEMENT TERMS?**

8.      The Settlement provides that Nielsen will pay $950,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Lawsuit. Certain deductions will be made from the Maximum Settlement Amount:

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

    a.   The Court has tentatively approved a payment of up to $10,000.00 to the Settlement Administrator, Rust Consulting, for the costs incurred in notifying the Class Members and processing claims.

    b.   Class Counsel will ask the Court at the Final Approval Hearing to approve a Fee and Expense Award of up to $237,500.00, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred not to exceed $15,000.00. Class Counsel has litigated the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The Fee and Expense Award will fully compensate Class Counsel for all legal fees and expenses incurred in the Lawsuit, including any work they do in the future. Class Members are not personally responsible for any fees or expenses.

    c.   Class Counsel will also ask the Court at the Final Approval Hearing to approve Service Payments in the amount of $7,500.00 for each of the Named Plaintiffs, Steve Rulli, Jose Buenrostro, Edwin Bump and Enrique Cruz, for acting as the representatives on behalf of the Class Members and spending time assisting with the Lawsuit, which was not required of other Class Members.

    d.   A payment of $10,000.00 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA").

    9.    The balance of the Maximum Settlement Amount after the deductions described above is the "Net Settlement Proceeds." The Net Settlement Proceeds are estimated to be $647,500.00.

    10.    The amount of money Class Members will receive from the Settlement depends on whether they have previously signed a release of claims against Nielsen and whether they are releasing FLSA claims in this Settlement. There are two classes of current and former employees in the Settlement:

    a.   The California Class is defined as all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California Class Period (April 22, 2010 through the date of Preliminary Approval or December 31, 2014, whichever is earlier), and who did not previously execute general releases. Members of this class will receive money from the Settlement and be by bound by the Settlement, unless they request exclusion from the Settlement. 90% of the Net Settlement Proceeds will be allocated to a California Class.

    b.   The California FLSA Class is defined as all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California FLSA Class Period (January 9, 2011 through the date of Preliminary Approval or December 31, 2014, whichever is earlier). 10% of the Net Settlement Proceeds shall be allocated to a California FLSA Class.

The estimated settlement award(s) are listed in the attached California Class Form and/or California FLSA Opt In Form.

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

555344.6

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

### IV.     WHAT ARE MY OPTIONS, HOW CAN I GET MY SETTLEMENT MONEY AND WHAT DO I NEED TO DO?

**Depending on your dates of employment and whether you previously executed a general release of claims, you may be a member of one or both classes and will need to follow the directions applicable to the class(es) of which you are part in order to receive a Settlement Payment.**

11.     **Option 1 – opt into the FLSA Class to receive the FLSA share of the Settlement**: If you are a California FLSA Class Member, to receive a payment for your California FLSA share of the Settlement, you must postmark the enclosed California FLSA Opt In Form no later than [60 days after initial mailing]. If you do not return the California FLSA Opt In Form, you will not be able to participate in the FLSA share of this Settlement.

**Option 2 – do nothing**: If you do nothing and you are a California Class Member, you will automatically receive a payment for your California Class share of the Settlement. However, if you do nothing, you will not receive your FLSA share of the Settlement.

**Option 3 – Request exclusion from the California portion of the Settlement**: If you are a California Class Member and you wish to be excluded from the California Class portion of Settlement, you must submit an Exclusion Letter to the Settlement Administrator at the following address: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on or before ▓▓▓▓▓, 2014. Your Exclusion Letter must include your name and signature and the following statement or something similar to "I request to be excluded from the class action proceedings taking place in the matter of Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC." Exclusion Letters that do not include all required information, or that are not submitted timely, will be disregarded. If you submit an Exclusion Letter, you will not be bound by the Settlement and you will not receive any cash payment. If you are a California FLSA Class Member and do not want to participate in the FLSA portion of the Settlement, then you don't need to do anything.

**Option 4 – Object to the California portion of the Settlement**: If you are a California Class Member and wish to object and tell the Court why you don't like the California Class portion of the Settlement, you may submit a written objection or appear at the final approval hearing to raise your objection. If the Court approves the Settlement despite your objection, you will still be bound by the Settlement. If you submit a written objection, it should identify this case name and number, <u>Rulli v. Nielsen Company (U.S.) LLC</u>, United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC; and be submitted to the Court either by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it with the Court. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the Lawsuit will continue. If you want, you may appear at the final approval hearing scheduled for ▓▓:00 a.m. on ▓▓▓▓▓, 2015, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to have your objection heard by the Court. Any California Class Member who does not object at or before the final approval hearing will be deemed to have approved the Settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the Settlement.

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

12.     HOW ARE THE INDIVIDUAL SETTLEMENT PAYMENTS CALCULATED? Payments to the California Class Members will be calculated on the basis of the number of weeks of employment as a California Class Member as reflected by Nielsen's corporate and business records, not including leaves of absence, and applying the Work Weeks Discount, as applicable ("Individual Work Weeks"). The Individual Settlement Payments for the Claimants in the California Class will be calculated by multiplying 90% of the Net Settlement Proceeds by each California Class Member's California Percentage Share. "California Percentage Share" means each California Class Member's Individual Work Weeks divided by the California Total Work Weeks, taking into account the Work Weeks Discount, as applicable.

13.     Payments to the California FLSA Class Members will be calculated on the basis of the number of weeks of employment as a California FLSA Class Member as reflected by Nielsen's corporate and business records, not including leaves of absence and applying the Work Weeks Discount, as applicable ("Individual Work Weeks"). The Individual Settlement Payments for the Claimants in the California FLSA Class will be calculated by multiplying 10% of the Net Settlement Proceeds by each California FLSA Class Member's California FLSA Percentage Share. "California FLSA Percentage Share" means each California FLSA Class Member's Individual Work Weeks divided by the California FLSA Total Work Weeks, taking into account the Work Weeks Discount, as applicable.

14.     "Work Week Discount" means that for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], Class Members' Individual Work Weeks shall be discounted by 75%, rounding to the nearest full work week and with each applicable Class Member being allocated at least one work week. The discount reflects changes Nielsen made to its compensation structure, including its practice of paying for the full drive time to the first and last call of the day.

15.     For tax purposes, fifty percent (50%) of each Individual Settlement Payment shall be treated as settlement for wage claims, which will be subject to required tax withholdings, and reported on an IRS W-2, and fifty percent (50%) shall be treated as settlement for liquidated damages, interest and/or statutory penalties, which will be paid without withholding any amount, and reported on a Form 1099. You should consult with your tax advisors concerning the tax consequences of the payments you receive under the Settlement.

V.      WHAT AM I GIVING UP IN EXCHANGE FOR THE SETTLEMENT BENEFITS?

16.     California Class Released Claims. If approved by the Court, the Settlement will bar any California Class Member who does not timely request exclusion from the Lawsuit from bringing certain claims described below. The Stipulation of Settlement contains the following provisions regarding the release of claims by California Class Members:

> Upon the Payment Obligation and Class Release Date, the California Class Members (other than those who submit a timely and valid Exclusion Letter) will fully release the California Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California Class Released Claims. The California Class Individual California Settlement Payments shall be paid to Claimants specifically in exchange for the release of the Released Parties from the California Class Released Claims and the covenant not to sue concerning the California Class Released Claims.

Questions? Contact the Settlement Administrator toll free at 1-***-***-****

555344.6

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

"California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract, or otherwise) for violation of the California Labor Code, the California Business & Professions Code, the Private Attorneys General Act, the applicable Industrial Welfare Commission Wage Orders or any similar state or federal law, whether for unpaid wages, economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief arising out of, relating to, or in connection with any facts and/or claims pled in the complaint, which are or could be the basis of claims that Defendant failed to provide all wages and overtime wages due, failed to pay the minimum wage, failed to provide timely or accurate final paychecks, failed to timely pay compensation, engaged in recordkeeping violations, failed to provide accurate itemized wage statements, failed to provide meal breaks, failed to authorize and permit rest breaks, and/or engaged in unfair business practices based on the foregoing violations, at any times during the California Class Period.

The California Class Released Claims includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

17.     <u>California FLSA Class Released Claims</u>. If approved by the Court, the Settlement will bar any California FLSA Class Member who submits a timely and valid California FLSA Opt In Form from bringing certain claims against Nielsen described below. The Stipulation of Settlement contains the following provisions regarding the release of claims by California FLSA Class Members:

Upon the Payment Obligation and Class Release Date, the California FLSA Class Members who submit a timely and valid California FLSA Opt In Form will fully release the California FLSA Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California FLSA Class Released Claims. The California FLSA Class Individual Settlement Payments shall be paid to California FLSA Class Claimants specifically in exchange for the release of the Released Parties from the California FLSA Class Released Claims and the covenant not to sue concerning the California FLSA Class Released Claims.

"California FLSA Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract, or otherwise) for violation of the Fair Labor Standards Act whether for unpaid wages, economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief arising out of, relating to, or in connection with any facts and/or claims pled in the complaint, which are or could be the basis of claims that Defendant failed to provide all wages and overtime wages due, failed to pay the minimum wage and/or engaged in recordkeeping violations, at any times during the California FLSA Class Period.

The release of claims provided by this Stipulation of Settlement includes California FLSA Class Members' California FLSA Class Released Claims which a California FLSA Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

18.     The term "Released Parties" means Defendant The Nielsen Company (US), LLC, its past or present successors and predecessors in interest, subsidiaries, affiliates, parents, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants,

**Questions? Contact the Settlement Administrator toll free at 1-***-***-******

555344.6

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

19.     This Settlement is conditioned upon the Court entering an order at or following the Final Approval hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Class Members.

## VI.     WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

20.     The Final Approval hearing on the adequacy, reasonableness and fairness of the Settlement will be held at ▓:00 a.m. on ▓▓▓▓▓, 2014, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing date may be changed without further notice; however, you can check the Court's PACER site or www.gbdhlegal.com to find out if the hearing date has changed. **You are not required to attend the Final Approval hearing.**

## VII.     HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

21.     This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at www.gbdhlegal.com, by contacting class counsel (see below), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

22.     If you are a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a Class Member and wish to file a California FLSA Opt-in Form, you should contact Class Counsel or the Settlement Administrator for further information about the documentation you must provide regarding the capacity in which you are submitting a California FLSA Opt-in Form.

23.     If you have any questions about this Notice and/or the Settlement, you should contact the Settlement Administrator or Class Counsel.  You can reach the Settlement Administrator at:

[insert address and phone number]

You can also reach Class Counsel at:

| David Borgen and James Kan | Gregg I. Shavitz |
|---|---|
| GOLDSTEIN, BORGEN, DARDARIAN & HO | SHAVITZ LAW GROUP, P.A. |
| 300 Lakeside Drive, Suite 1000 | 1515 South Federal Highway Suite 404 |
| Oakland, CA 94612 | Boca Raton, FL 33432 |
| Tel: (510) 763-5700 | Tel: (800) 616-4000 |
| Fax: (510) 835-1417 | Fax: (561) 447-8831 |
| dborgen@gbdhlegal.com | gshavitz@shavitzlaw.com |
| jkan@gbdhlegal.com | |

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

**VIII.** **WHAT SHOULD I DO IF MY ADDRESS CHANGES DURING THIS SETTLEMENT?**

24.     If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Lawsuit and the Settlement to be sent to a different address, you should send your new address to the Settlement Administrator.

PLEASE DO NOT TELEPHONE THE COURT, CONTACT THE CLERK OF THE COURT, THE JUDGE, NIELSEN OR NIELSEN'S ATTORNEYS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS..

DATED: _____, 2014          BY ORDER OF THE COURT
                                                              HON. VINCE CHHABRIA
                                                              UNITED STATES DISTRICT COURT
                                                              NORTHERN DISTRICT OF CALIFORNIA

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

555344.6

REVISED PROPOSED CLASS NOTICE
[REDLINE VERSION]

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

**IMPORTANT LEGAL NOTICE. THIS NOTICE AFFECTS YOUR RIGHTS AND YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT- PLEASE READ IT CAREFULLY.**

I.      WHY DID I RECEIVE THIS NOTICE AND WHAT IS THE CASE ABOUT?

1.      You are a potential Class Member in a class action lawsuit filed against The Nielsen Company (US), LLC ("the Lawsuit").  The Lawsuit alleges Nielsen failed to pay minimum, regular and overtime wages due for unpaid commute time, failed to provide meal and rest breaks, failed to pay all earned wages at termination, failed to furnish accurate wage statements and maintain accurate payroll records, engaged in unlawful business practices, and is subject to penalties under the California Private Attorney General Act (PAGA).  ~~T~~Plaintiffs Steve Rulli, Edwin Bump, Jose Buenrostro and Enrique Cruz ("Plaintiffs") filed a complaint against Nielsen Company (US), LLC on April 22, 2014, on behalf of themselves and other employees in this Court. The Lawsuit alleges, among other things, that the Class Members are owed compensation for hours worked, including overtime hours, meal periods, rest breaks, untimely final pay and inaccurate itemized wage statements, and related penalties. The Lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.

2.      The Lawsuit includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, the Fair Labor Standards Act, the California Private Attorney Generals Act, and California Business and Professions Code Section 17200 *et seq.*

3.      The parties reached an agreement to settle all claims in the Lawsuit (the "Settlement") which was preliminarily approved by the United States District Court, Northern District of California ("the Court") on [date of preliminary approval].   The Court has ordered that this Notice be sent to you to inform you of the Settlement and your legal rights under the Settlement.

II.     WHAT ARE THE POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT?

4.      Nielsen believes all of its employees have been compensated in compliance with the law, ~~and it did not act willfully with respect to any alleged violation.  Nielsen~~ and denies that it has done anything wrong.  Nothing about the Settlement may be used against Nielsen as an admission or indication of any fault or liability.

5.      Counsel for the Plaintiffs ("Class Counsel") has extensively investigated and researched the facts and law for the issues in the Lawsuit, and believes ~~they~~Plaintiffs have asserted valid claims.  Taking all factors into account, Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

6.      The parties both recognize that continuing to litigate the Lawsuit takes time and money and any outcome is uncertain.  Therefore, the parties have agreed to settle this Lawsuit on the terms set forth in the Settlement.

7.      The Court has made no ruling on the merits of the claims or defenses in the Lawsuit and has determined only that certification of the Class for settlement purposes is appropriate under the law.

**Formatted: Font color: Black**

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

III.     WHAT ARE THE SETTLEMENT TERMS?

8.     The Settlement provides that Nielsen will pay $950,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Lawsuit.  Certain deductions will be made from the Maximum Settlement Amount:

a.  The Court has tentatively approved a payment of up to $10,000.00 to the Settlement Administrator, Rust Consulting, for the costs incurred in notifying the Class Members and processing claims.

b.  Class Counsel will ask the Court at the Final Approval Hearing to approve a Fee and Expense Award of up to $237,500.00, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred not to exceed $15,000.00. Class Counsel has litigated the prosecuted the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid to date) while advancing advancing litigation costs and expenses. The Fee and Expense Award will fully compensate Class Counsel for all legal fees and expenses incurred in the Lawsuit, including any work they do in the future. Class Members are not personally responsible for any fees or expenses.

c.  Class Counsel will also ask the Court at the Final Approval Hearing to approve Service Payments in the amount of $7,500.00 for each of the Named Plaintiffs, Steve Rulli, Jose Buenrostro, Edwin Bump and Enrique Cruz, for acting as the representatives on behalf of the Class Members and spending time assisting with the Lawsuit, which was not required of other Class Members.

d.  A payment of $10,000.00 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA").

9.     The balance of the Maximum Settlement Amount after the deductions described above is the "Net Settlement Proceeds." The Net Settlement Proceeds are estimated to be $647,500.00.

10.     The amount of money Class Members will receive from the Settlement depends on whether they have previously signed a release of claims against Nielsen and whether they are releasing FLSA claims in this Settlement. There are two classes of current and former employees in the Settlement:

a.  The California Class is defined as all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California Class Period (April 22, 2010 through the date of Preliminary Approval or December 31, 2014, whichever is earlier), and who did not previously execute general releases. Members of this class will receive money from the Settlement and be by bound by the Settlement, unless they request exclusion from the Settlement.  90% of the Net Settlement Proceeds shall will be allocated to a California Class.

b.  The California FLSA Class is defined as all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California FLSA

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC,* Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

Class Period (January 9, 2011 through the date of Preliminary Approval or December 31, 2014, whichever is earlier). 10% of the Net Settlement Proceeds shall be allocated to a California FLSA Class.

The estimated settlement award(s) are listed in the attached California Class Form and/or California FLSA Opt In Form.

> **Formatted:** No bullets or numbering

> **Formatted:** Indent: Left: 1.25", No bullets or numbering

2.

3.    After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims. The Parties attended mediation on September 16, 2014, and through subsequent negotiations reached the Stipulation of Settlement that is on file with the Court, and the terms of which are summarized in this Notice.

4.    On [date of preliminary approval], the Court held a Preliminary Approval hearing during which it preliminarily certified the California Class and California FLSA Class for the purposes of Settlement and conditionally appointed Class Counsel (listed below) and Plaintiffs to represent Class Members in the Lawsuit.

5.    You have received this Notice because Nielsen's records show you are or were employed as a Class Member and your rights may be affected by this Settlement.

YOU ARE HEREBY NOTIFIED that a proposed class settlement (the "Settlement") of the above-captioned purported class action ("the Lawsuit") filed in the United States District Court, Northern District of California ("the Court") has been reached by the Parties and has been granted Preliminary Approval by the Court. The proposed Settlement will resolve all class claims in this Lawsuit. The Court has ordered that this Notice be sent to you because you may be a Class Member of one or both of the classes defined below. The purpose of this Notice is to inform you of the Settlement of this Lawsuit and your legal rights under the Settlement.

California Class: All current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California Class Period (April 22, 2010 through the date of Preliminary Approval or December 31, 2014, whichever is earlier), and who did not previously execute general releases. You will receive money from the Settlement and be by bound by the Settlement, unless you request exclusion from the Settlement.

California FLSA Class: All current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California during the California FLSA Class Period (January 9, 2011 through the date of Preliminary Approval or December 31, 2014, whichever is earlier). You must return the attached California FLSA Opt In Form to receive money from the Settlement. If you fail to file a timely California FLSA Opt In Form, you will receive no payment under the California FLSA Settlement.

Depending on your dates of employment, you may be a member of both classes and will need to follow the directions applicable to the class(es) of which you are part in order to receive a Settlement Payment. An estimate of your Individual Settlement Payment(s) can be found on the attached California Class Form and/or California FLSA Opt In Form.

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| Opt In to the FLSA Class | To receive a payment for your California FLSA share of the Settlement, you must postmark the enclosed California FLSA Opt In Form no later than [60 days after initial mailing]. If you do not return the California FLSA Opt In Form, you will not be able to participate in the FLSA portion of this Settlement. |
| Do Nothing | If you do nothing, you will automatically receive a cash payment for your California Class share of the Settlement. However, if you do nothing, you will not receive your California FLSA share of the Settlement. To receive your share, you must submit a timely California FLSA Opt In Form. |
| Request Exclusion from the Settlement (for California Class Members Only) | If you wish to be excluded from the California Class portion of Settlement, you must submit a written request according to the instructions contained in this Notice. If you submit an Exclusion Letter, you will not be bound by the Settlement and you will not receive any cash payment. |
| Object to the Settlement (for California Class Members Only) | If you wish to object and tell the Court why you don't like the California Class portion of the Settlement, you must submit a written objection according to the instructions contained in this Notice.  If the Court approves the Settlement despite your objection, you will still be bound by the Settlement. |

IV.    WHAT ARE MY OPTIONS, HOW CAN I GET MY SETTLEMENT MONEY AND WHAT DO I NEED TO DO?

Depending on your dates of employment and whether you previously executed a general release of claims, you may be a member of one or both classes and will need to follow the directions applicable to the class(es) of which you are part in order to receive a Settlement Payment.

11.    **Option 1** – opt into the FLSA Class to receive the FLSA share of the Settlement:  If you are a California FLSA Class Member, To receive a payment for your California FLSA share of the Settlement, you must postmark the enclosed California FLSA Opt In Form no later than [60 days after initial mailing]. If you do not return the California FLSA Opt In Form, you will not be able to participate in the FLSA share of this Settlement.

**Option 2** – do nothing:  If you do nothing and you are a California Class Member, you will automatically receive a payment for your California Class share of the Settlement. However, if you do nothing, you will not receive your FLSA share of the Settlement.

**Option 3** – Request exclusion from the California portion of the Settlement:  If you are a California Class Member and you wish to be excluded from the California Class portion of Settlement, you must submit an Exclusion Letter to the Settlement Administrator at the following address: _____ on or before _____, 2014. Your Exclusion Letter must include your name and signature and the following statement or something similar to "I request to be excluded from the class action proceedings taking place in the matter of Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC." Exclusion Letters that do not include all required information, or that are not submitted timely, will be disregarded.  written request according to the

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

OHSUSA:760330347.1
555344.4

Formatted: Style0, Justified, Space After: 12 pt, Line spacing:   At least 11.25 pt, Tab stops: 0.5", Left + 1", Left + 1.5", Left + 2", Left + 2.5", Left + 3", Left + 3.5", Left + 4", Left + 4.5", Left + 5", Left + 5.5", Left + 6", Left

Formatted: No underline

Formatted: Font: Bold

Formatted: Font: Bold

Formatted: Font: Bold

Formatted: No bullets or numbering, Tab stops: 0", Left + Not at 0.5"

Formatted: Font: Bold

Formatted: Font: Bold

Formatted: Font: Bold

Formatted: Font: Bold

*Rulli et. al. v. Nielsen Company (US), LLC,* Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

~~instructions contained in this Notice.~~ If you submit an Exclusion Letter, you will not be bound by the Settlement and you will not receive any cash payment. If you are a California FLSA Class Member and do not want to participate in the FLSA portion of the Settlement, then you ~~need not~~don't need to do anything.

**Option 4 – Object to the California portion of the Settlement:** If you are a California Class ~~m~~Member and wish to object and tell the Court why you don't like the California Class portion of the Settlement, you ~~must~~may submit a written objection ~~according to the instructions contained in this Notice~~ or appear at the final approval hearing to raise your objection. If the Court approves the Settlement despite your objection, you will still be bound by the Settlement. If you submit a written objection, it should identify this case name and number, Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC; and be submitted to the Court either by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it with the Court. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the Lawsuit will continue. If you want, you may appear at the final approval hearing scheduled for  :00 a.m. on       , 2015, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to have your objection heard by the Court. Any California Class Member who does not object at or before the final approval hearing will be deemed to have approved the Settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the Settlement.

~~1.     Your estimated settlement award(s) are listed in the attached California Class Form and/or California FLSA Opt In Form.~~

~~Depending on your dates of employment, you may be a member of both classes and will need to follow the directions applicable to the class(es) of which you are part in order to receive a Settlement Payment.~~

~~II.     WHY DID I RECEIVE THIS NOTICE AND WHAT IS THE CASE ABOUT?~~

~~6.     Plaintiffs Steve Rulli, Edwin Bump, Jose Buenrostro and Enrique Cruz ("Plaintiffs") filed a complaint against Nielsen Company (US), LLC on April 22, 2014, on behalf of themselves and other employees in this Court. The lawsuit alleges, among other things, that the Class Members are owed compensation for hours worked, including overtime hours, meal periods, rest breaks, untimely final pay and inaccurate itemized wage statements, and related penalties. The lawsuit seeks damages for lost wages, interest, penalties, injunctive relief, attorneys' fees and expenses.~~

~~7.     The Lawsuit includes claims under the California Labor Code, related Wage Orders of the Industrial Welfare Commission, the Fair Labor Standards Act, the California Private Attorney Generals Act, and California Business and Professions Code Section 17200 et seq.~~

~~8.     After extensive investigation and an exchange of relevant information, the Parties agreed to enter into private mediation to try and resolve the claims. The Parties attended mediation on September 16, 2014, and through subsequent negotiations reached the Stipulation of Settlement that is on file with the Court, and the terms of which are summarized in this Notice.~~

~~9.     On [date of preliminary approval], the Court held a Preliminary Approval hearing during which it preliminarily certified the California Class and California FLSA Class for the purposes of Settlement~~

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

**Formatted:** Font: Bold

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

and conditionally appointed Class Counsel (listed below) and Plaintiffs to represent Class Members in the Lawsuit.

10.   You have received this Notice because Nielsen's records show you are or were employed as a Class Member and your rights may be affected by this Settlement.

III.   WHAT ARE THE POSITIONS OF THE PARTIES AND REASONS FOR SETTLEMENT?

11.   Nielsen contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to properly calculate or pay any wages (including but not limited to minimum wages, regular wages and overtime wages), provide certain breaks, pay timely final pay or provide accurate itemized wage statements. Nielsen has denied and continues to deny each of the claims and contentions Plaintiffs allege in the Lawsuit. Nielsen denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Lawsuit, and believes that it has valid defenses to Plaintiffs' claims. Although Nielsen believes it has meritorious defenses to the Lawsuit, Nielsen has concluded that the further defense of this Lawsuit would be lengthy and expensive for all Parties. Nielsen has, therefore, agreed to settle this Lawsuit in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Lawsuit. Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Nielsen of any fault, wrongdoing or liability whatsoever.

12.   Counsel for the Plaintiffs ("Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Lawsuit, and the applicable law. Class Counsel recognizes the expense and length of continued proceedings necessary to continue the Lawsuit against Nielsen through trial and through any possible appeals, the uncertainty and the risk of the outcome of further litigation, including the risk that the classes might not be certified in light of Nielsen's opposition to certification as well as the difficulties and delays generally inherent in such litigation, the burdens of proof necessary to establish liability for the claims, of Nielsen's defenses, and of the difficulties in establishing damages for the Class Members. Class Counsel has also taken into account the settlement negotiations conducted by the Parties. Class Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

13.   The Court has made no ruling on the merits of the Class Members' claims and has determined only that certification of the Class for settlement purposes is appropriate under the law.

IV.   WHAT ARE SETTLEMENT TERMS?

14.   Settlement Amount. The Stipulation of Settlement provides that Nielsen will pay $950,000.00 (the "Maximum Settlement Amount") to fully resolve the claims in the Lawsuit.

(a)   Deductions. The following deductions will be made from the Maximum Settlement Amount:

(i)   Settlement Administration. The Court has tentatively approved a payment of up to $10,000.00 to the Settlement Administrator, Rust Consulting, for the costs incurred in notifying the Class Members and processing claims.

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

~~(ii)      Attorneys' Fees and Expenses. Class Counsel will ask the Court at the Final Approval Hearing to approve a Fee and Expense Award of up to $237,500.00, plus reimbursement of the reasonable litigation expenses Class Counsel has incurred not to exceed $15,000.00. Class Counsel has prosecuted the Lawsuit on behalf of the Class Members on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The Fee and Expense Award will constitute full compensation for all legal fees and expenses of Class Counsel in the Lawsuit, including any work they do in the future. Class Members are not personally responsible for any fees or expenses.~~

~~(iii)      Service Payment to Named Plaintiffs. Class Counsel will also ask the Court at the Final Approval Hearing to approve Service Payments in the amount of $7,500.00 for each of the Named Plaintiffs, Steve-Rulli, Jose Buenrostro, Edwin Bump and Enrique Cruz, for acting as the representatives on behalf of the Class Members and spending time assisting with the Lawsuit, which was not required of other Class Members.~~

~~(iv)      PAGA Payment. A payment of $10,000.00 shall be paid to California's Labor and Workforce Development Agency to pay the government portion of any penalties allocated under California Labor Code's Private Attorneys General Act of 2004 ("PAGA"), as amended, California Labor Code sections 2699, 2699.3, and 2699.5.~~

~~(b)      Payment to Class Members; Plan of Allocation. The balance of the Maximum Settlement Amount after the deductions described above is the "Net Settlement Proceeds." The Net Settlement Proceeds are estimated to be $647,500.00. 90% of the Net Settlement Proceeds shall be allocated to the California Class and 10% of the Net Settlement Proceeds shall be allocated to the California FLSA Class.~~

**V.      ~~WHAT CAN I EXPECT TO RECEIVE IF I PARTICIPATE~~HOW ARE THE INDIVIDUAL SETTLEMENT PAYMENTS CALCULATED?**

2.V.      ~~.  Your estimated settlement award(s) are listed in the attached California Class Form and/or California FLSA Opt In Form.~~

~~3.      California Class Members will automatically receive a California Class Individual Settlement Payment, unless they timely elect to be excluded from the California Class,~~ Payments to the ~~through an Exclusion Letter, as described below~~ ("Claimants").

1.      ~~The~~ California Class ~~Members's Individual Settlement Payments will~~ will be calculated on the basis of the number of weeks of employment as a California Class Member as reflected by Nielsen's corporate and business records, not including leaves of absence, and applying the Work Weeks Discount, as applicable ("Individual Work Weeks"). The Individual Settlement Payments for the Claimants in the California Class will be calculated by multiplying 90% of the Net Settlement Proceeds by each California Class Member's California Percentage Share. "California Percentage Share" means each California Class Member's Individual Work Weeks divided by the California Total Work Weeks, taking into account the Work Weeks Discount, as applicable.

~~a.~~

~~b.      The Individual Settlement Payments for the Claimants in the California Class will be calculated by multiplying 90% of the Net Settlement Proceeds by each California Class Member's California Percentage~~

**Questions? Contact the Settlement Administrator toll free at 1-***-***-******

*Rulli et. al. v. Nielsen Company (US), LLC,* Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

~~Share. "California Percentage Share" means each California Class Member's Individual Work Weeks divided by the California Total Work Weeks, taking into account the Work Weeks Discount, as applicable~~

~~4.   California FLSA Class Members who submit a timely and valid California FLSA Opt-In Form (also "Claimants") will receive a California FLSA Class Individual Settlement Payment.~~ Payments to th

| Formatted: Indent: Left: 0" |

~~a.~~2. ~~The~~ California FLSA Class Members ~~Individual Settlement Payments~~ will be calculated on the basis of the number of weeks of employment as a California FLSA Class Member as reflected by Nielsen's corporate and business records, not including leaves of absence and applying the Work Weeks Discount, as applicable ("Individual Work Weeks"). The Individual Settlement Payments for the Claimants in the California FLSA Class will be calculated by multiplying 10% of the Net Settlement Proceeds by each California FLSA Class Member's California FLSA Percentage Share. "California FLSA Percentage Share" means each California FLSA Class Member's Individual Work Weeks divided by the California FLSA Total Work Weeks, taking into account the Work Weeks Discount, as applicable.

| Formatted: Indent: Left: 0", First line: 0.5" |

~~5.~~3. "Work Week ~~D~~discount" means that for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], Class Members' Individual Work Weeks shall be discounted by 75%, rounding to the nearest full work week and with each applicable Class Member being allocated at least one work week. The discount reflects changes ~~Defendant~~ Nielsen made to its compensation structure, including its practice of paying for the full drive time to the first and last call of the day.

| Formatted: Highlight |

~~6.~~4. ~~Tax Matters.~~ For tax purposes, fifty percent (50%) of each ~~Claimant's~~ Individual Settlement Payment shall be treated as settlement for wage claims, which will be subject to required tax withholdings, and reported on an IRS W-2, and fifty percent (50%) shall be treated as settlement for liquidated damages, interest and/or statutory penalties, which will be paid without withholding any amount, and reported on a Form 1099. You should consult with your tax advisors concerning the tax consequences of the payments you receive under the Settlement.

**VI.    WHAT AM I GIVING UP IN EXCHANGE FOR THE SETTLEMENT BENEFITS?**

~~7.~~5. California Class Released Claims. If approved by the Court, the Settlement will bar any California Class Member who does not timely request exclusion from the Lawsuit from bringing certain claims ~~against Nielsen~~ described below. The Stipulation of Settlement contains the following provisions regarding the release of claims by California Class Members:

Upon the Payment Obligation and Class Release Date, the California Class Members (other than those who submit a timely and valid Exclusion Letter) will fully release the California Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California Class Released Claims. The California Class Individual California Settlement Payments shall be paid to Claimants specifically in exchange for the release of the Released Parties from the California Class Released Claims and the covenant not to sue concerning the California Class Released Claims.

"California Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract, or otherwise) for violation of the California Labor Code, the California Business & Professions Code, the Private Attorneys General Act, the applicable Industrial Welfare Commission Wage Orders or any similar state or federal law, whether for unpaid wages, economic damages, non-economic damages, liquidated damages,

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

punitive damages, restitution, penalties, other monies, or other relief arising out of, relating to, or in connection with any facts and/or claims pled in the complaint, which are or could be the basis of claims that Defendant failed to provide all wages and overtime wages due, failed to pay the minimum wage, failed to provide timely or accurate final paychecks, failed to timely pay compensation, engaged in recordkeeping violations, failed to provide accurate itemized wage statements, failed to provide meal breaks, failed to authorize and permit rest breaks, and/or engaged in unfair business practices based on the foregoing violations, at any times during the California Class Period.

The California Class Released Claims includes California Class Members' California Class Released Claims which a California Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval. ~~Each California Class Member, including the Plaintiff, waives all rights and benefits afforded by section 1542 of the California Civil Code as to their California Class Released Claims, and does so understanding the significance of that waiver. Section 1542 provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.~~

~~8.~~6. California FLSA Class Released Claims. If approved by the Court, the Settlement will bar any California FLSA Class Member who submits a timely and valid California FLSA Opt In Form from bringing certain claims against Nielsen described below. The Stipulation of Settlement contains the following provisions regarding the release of claims by California FLSA Class Members:

Upon the Payment Obligation and Class Release Date, the California FLSA Class Members who submit a timely and valid California FLSA Opt In Form will fully release the California FLSA Class Released Claims and agree not to sue or otherwise make a claim against any of the Released Parties for the California FLSA Class Released Claims. The California FLSA Class Individual Settlement Payments shall be paid to California FLSA Class Claimants specifically in exchange for the release of the Released Parties from the California FLSA Class Released Claims and the covenant not to sue concerning the California FLSA Class Released Claims.

~~The release of claims provided by this Stipulation of Settlement includes California FLSA Class Members' California FLSA Class Released Claims which a California FLSA Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.~~

"California FLSA Class Released Claims" means all claims, demands, rights, liabilities and causes of action that were or could have been asserted (whether in tort, contract, or otherwise) for violation of the Fair Labor Standards Act whether for unpaid wages, economic damages, non-economic damages, liquidated damages, punitive damages, restitution, penalties, other monies, or other relief arising out of, relating to, or in connection with any facts and/or claims pled in the complaint, which are or could be the basis of claims that Defendant failed to provide all wages and overtime wages due, failed to pay the minimum wage and/or engaged in recordkeeping violations, at any times during the California FLSA Class Period.

The release of claims provided by this Stipulation of Settlement includes California FLSA Class Members' California FLSA Class Released Claims which a California FLSA Class Member does not know or suspect to exist in his or her favor against Defendant as of the date of Final Approval.

**Questions? Contact the Settlement Administrator toll free at 1-\*\*\*-\*\*\*-\*\*\*\***

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

9.7. ~~Released Parties:~~ The term "Released Parties" means Defendant The Nielsen Company (US), LLC, its past or present successors and predecessors in interest, subsidiaries, affiliates, parents, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys.

~~10.  Conditions of Settlement.~~ This Settlement is conditioned upon the Court entering an order at or following the Final Approval hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Class Members.

~~VII.~~  ~~WHAT DO I NEED TO DO TO RECEIVE MONEY?~~

~~11.     California Class Members: If you are a California Class Member, nothing.  You You will automatically receive your California Class Individual Settlement Payment and be bound by the Settlement and California Class Released Claims, unless you submit an Exclusion Letter.~~

~~12.     California FLSA Class Members: If you want to receive money as a California FLSA Class Member, you must sign and date the enclosed California FLSA Opt In Form and mail the completed form postmarked by _____, 2014 to the Settlement Administrator. If you do nothing, that is, if you do not mail a timely California FLSA Opt In Form, you will not receive your FLSA share or be bound by terms of the California FLSA portion of the Settlement and California FLSA Class Release of Claims.~~

~~13.8.     Please review the information contained in the enclosed forms and follow the instructions if you believe your Individual Work Weeks are incorrect. If you wish to have confirmation that the Settlement Administrator has received your form, please send it to the Settlement Administrator by certified U.S. Mail with a return receipt request.~~

~~VIII.     CALIFORNIA CLASS MEMBERS: HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?~~

~~14.  California Class Members may exclude themselves from the Lawsuit by submitting a written Exclusion Letter to the Settlement Administrator at the following address: _____ on or before _____, 2014. To opt out, your Exclusion Letter must include the your California Class Member's name and signature and the following statement or something similar to "I request to be excluded from the class action proceedings taking place in the matter of Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14 CV 01835 VC." Exclusion Letters that do not include all required information, or that are not submitted timely, will be disregarded. California Class Members who submit timely and valid Exclusion Letters will not receive a California Class Individual Settlement Payment and will not be bound by the Settlement or the Final Approval Order and Judgment.~~

~~IX.     CALIFORNIA CLASS MEMBERS: HOW DO I OBJECT TO THE SETTLEMENT~~

~~15.  If you are a California Class Member and believe that the Settlement should not be finally approved by the Court for any reason, you must should file a written objection stating the basis of your objection.  The objection should an objection must (a) clearly identify this case name and number, Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14 CV 01835 VC; (b) be submitted to the Court either by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California, and (c) be~~

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

*Rulli et. al. v. Nielsen Company (US), LLC,* Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

~~postmarked on or before _____, 2014.   You cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. To be valid, an objection must (a) clearly identify this case name and number, Rulli v. Nielsen Company (U.S.) LLC, United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC; (b) be submitted to the Court either by mailing to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California; and (c) be postmarked on or before _____, 2014.~~

~~16.  You may also appear at the Final Approval Hearing scheduled for __:00 a.m. on _____, 2015, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to have your objection heard by the Court. Objections not previously filed in writing in a timely manner as described above will not be considered by the Court. Any attorney who intends to represent a California Class Member objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all Parties on or before _____, 2014. If you are a California Class Member and object to the Settlement, you will remain a member of the California Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as California Class Members who do not object.~~

~~17.~~ Any member of the California Class who does not object ~~at or before the Final Approval Hearing~~ in the manner provided above shall be deemed to have approved the Settlement and to have waived such objections and shall ~~not be able to~~ be forever foreclosed from ~~making~~ make any objections ~~(by appeal or otherwise)~~ to the Settlement.

~~18.  Any member of the California Class who is satisfied with the Settlement need not appear at the Final Approval hearing.~~

## ~~X.~~VII.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

~~19.~~9.   The Final Approval hearing on the adequacy, reasonableness and fairness of the Settlement will be held at __:00 a.m. on _____, 2014, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing date may be changed without further notice; however, you can check the Court's PACER site or www.gbdhlegal.com to find out if the hearing date has changed. **You are not required to attend the Final Approval hearing.**

## ~~XI.~~VIII.   HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?

~~20.~~10.   This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement available at www.gbdhlegal.com, by contacting class counsel (see below), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

~~21.~~11.   If you are a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a Class Member and wish to file a California FLSA Opt-in Form, you should contact

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

OHSUSA:760330347.1
555344.4

*Rulli et. al. v. Nielsen Company (US), LLC*, Case No. 3:14-CV-01835 VC
United States District Court, Northern District of California
NOTICE OF CLASS ACTION SETTLEMENT

Class Counsel or the Settlement Administrator for further information about the documentation you must provide regarding the capacity in which you are submitting a California FLSA Opt-in Form.

22.12.   If All inquiries by Class Members you have any questions regarding about this Notice and/or the Settlement, you should contact  -should be directed to the Settlement Administrator or Class Counsel. You can reach the Settlement Administrator at:

[insert address and phone number]

You can also reach Class Counsel at:

| David Borgen and James Kan | Gregg I. Shavitz |
|---|---|
| GOLDSTEIN, BORGEN, DARDARIAN & HO | SHAVITZ LAW GROUP, P.A. |
| 300 Lakeside Drive, Suite 1000 | 1515 South Federal Highway Suite 404 |
| Oakland, CA 94612 | Boca Raton, FL 33432 |
| Tel: (510) 763-5700 | Tel: (800) 616-4000 |
| Fax: (510) 835-1417 | Fax: (561) 447-8831 |
| dborgen@gbdhlegal.com | gshavitz@shavitzlaw.com |
| jkan@gbdhlegal.com | |

XII.IX.   **WHAT SHOULD I DO IF MY ADDRESS CHANGES DURING THIS SETTLEMENT?**

23.13.   If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Lawsuit and the Settlement to be sent to a different address, you should send your current new preferred address to the Settlement Administrator.

PLEASE DO NOT TELEPHONE THE COURT, CONTACT THE CLERK OF THE COURT, THE JUDGE, NIELSEN OR NIELSEN'S ATTORNEYS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS..

DATED: _____, 2014                    BY ORDER OF THE COURT
                                                 HON. VINCE CHHABRIA
                                                 UNITED STATES DISTRICT COURT
                                                 NORTHERN DISTRICT OF CALIFORNIA

**Questions? Contact the Settlement Administrator toll free at 1-***-***-****

# Exhibit B

<div style="border:1px solid black">

**CALIFORNIA CLASS FORM**
**Rulli et. al v. The Nielsen Company (US), LLC**
**United States District Court, Northern District of California, Case No. 3:14-CV-01835 VC**

</div>

**YOUR ESTIMATED CALIFORNIA CLASS INDIVIDUAL SETTLEMENT PAYMENT: $▓▓▓▓▓.**

**You do not need to do anything to receive this payment.**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California Class Member, excluding leaves of absence and applying the Work Weeks Discount, where applicable ("Individual Work Weeks"). Your Individual Work Weeks are: ▓▓▓▓▓.

Work Weeks Discount: Individual Work Weeks for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], are discounted by 75%, rounding to the nearest full work week and with each applicable Class Member being allocated at least one work week.

**Information regarding the Class, Settlement and the Lawsuit is contained in the Notice.**

I.   <u>CLAIMANT IDENTIFICATION</u>                              Please Make any Name/Address Corrections Below:

        <<First>> <<Last>>                              _____
        <<Address1>>                                     _____
        <<Address2>>                                     _____
        <<City>> <<State>> <Zip>>                        _____


II.   <u>IF YOU DISPUTE YOUR INDIVIDUAL WORK WEEKS</u>

If you believe the number of Individual Work Weeks listed at the top of this page is incorrect, check the box below, and send this California Class Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe is the correct number of Individual Work Weeks you worked in a field representative, field quality specialist and/or market quality specialist position or senior variations of those titles in California during the time period April 22, 2010 through [preliminary approval date or December 31, 2014, whichever is earlier]. The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. <u>Please be advised that the number of Individual Work Weeks is presumed to be correct unless proven otherwise.</u>

      ☐ I disagree with the Individual Work Week information listed above **and** have submitted supporting documentation.

Exhibit C

# REVISED FLSA OPT-IN FORM
## [REDLINE VERSION]

**CALIFORNIA FLSA OPT IN FORM**
**Rulli et. al. v. Nielsen Company (US), LLC**
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

**YOUR ESTIMATED CALIFORNIA FLSA CLASS INDIVIDUAL SETTLEMENT PAYMENT: $_____**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California FLSA Class Member, excluding leaves of absence and applying the Work Weeks Discount, where applicable ("Individual Work Weeks"). Your Individual Work Weeks are: _____.

Work Weeks Discount: California FLSA Class Individual Work Weeks for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], are discounted by 75%, rounding to the nearest full work week and with each applicable California FLSA Class Member being allocated at least one work week. ~~This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California FLSA Class Member, excluding leaves of absence ("Individual Work Weeks"). Your Individual Work Weeks are: _____.~~

**Information regarding the Class, Settlement and the Lawsuit is contained in the accompanying Notice.**

I.   CLAIMANT IDENTIFICATION                            Please Make any Name/Address Corrections Below:

        <<First>> <<Last>>                           _____
        <<Address1>>                                _____
        <<Address2>>                                _____
        <<City>> <<State>> <Zip>>                   _____

II.   YOUR RIGHT TO JOIN AND OBTAIN MONEY FROM THIS LAWSUIT

As a California FLSA Class Member, or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a California FLSA Class Member, you may join this Lawsuit and obtain your California FLSA Class Individual Settlement Payment by completing and mailing this California FLSA Opt In Form by first-class mail, **postmarked no later than _____, 2014** to the Settlement Administrator.

**If you fail to complete and timely mail this form by [Date], you will not be able to participate in ~~this~~ the FLSA portion of the Lawsuit and you will not receive any money in connection with the California FLSA Class Settlement.**

III.   IF YOU DISPUTE YOUR INDIVIDUAL WORK WEEKS

If you believe the number of Individual Work Weeks listed above is incorrect, check the box below, and send this California FLSA Opt In Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe are the correct number of Individual Work Weeks you worked in a field representative, field quality specialist and/or market quality specialist position or senior variations of those titles in California during the time period January 9, 2011 through [preliminary approval or December 31, 2014, whichever is earlier].

The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. Please be advised that the number of Individual Work Weeks is presumed to be correct unless the documents you submit are company records from Nielsen.

☐   I disagree with the Individual Work Week information listed above **and** have submitted supporting documentation.

**CONSENT TO BECOME A PARTY PLAINTIFF**
**Rulli et. al. v. Nielsen Company (US), LLC**
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

By my signature below, I acknowledge that I have received the Notice and hereby consent to join as a party plaintiff in the Lawsuit entitled Rulli et. al. v. Nielsen Company (US), LLC, Case No. Case No. 3:14CV01835 VC, pending in the United States District Court for the Northern District of California, in order to participate in the Settlement regarding Nielsen's alleged violations of the Fair Labor Standards Act (29 U.S.C. section 201 et seq.). I understand that by filing this California FLSA Opt In Form, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Dated: _____

_____
Signature (Sign your name)

_____
(Print your name)

_____

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT, **no later than** _____, **2014** to the following address:

**Rulli et. al. v. Nielsen Company (US), LLC**
c/o _____
[Address]

# REVISED FLSA OPT-IN FORM
# [CLEAN VERSION]

---

**CALIFORNIA FLSA OPT IN FORM**
<u>Rulli et. al. v. Nielsen Company (US), LLC</u>
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

---

**YOUR ESTIMATED CALIFORNIA FLSA CLASS INDIVIDUAL SETTLEMENT PAYMENT: $_____**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California FLSA Class Member, excluding leaves of absence and applying the Work Weeks Discount, where applicable ("Individual Work Weeks"). Your Individual Work Weeks are: _____.

Work Weeks Discount: California FLSA Class Individual Work Weeks for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], are discounted by 75%, rounding to the nearest full work week and with each applicable California FLSA Class Member being allocated at least one work week.

**Information regarding the Class, Settlement and the Lawsuit is contained in the accompanying Notice.**

I.   <u>CLAIMANT IDENTIFICATION</u>                     Please Make any Name/Address Corrections Below:

      <<First>> <<Last>>                              _____
      <<Address1>>                                  _____
      <<Address2>>                                  _____
      <<City>> <<State>> <Zip>>                     _____

II.   <u>YOUR RIGHT TO JOIN AND OBTAIN MONEY FROM THIS LAWSUIT</u>

As a California FLSA Class Member, or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a California FLSA Class Member, you may join this Lawsuit and obtain your California FLSA Class Individual Settlement Payment by completing and mailing this California FLSA Opt In Form by first-class mail, **postmarked no later than _____, 2014** to the Settlement Administrator.

**If you fail to complete and timely mail this form by [Date], you will not be able to participate in the FLSA portion of the Lawsuit and you will not receive any money in connection with the California FLSA Class Settlement.**

III.   <u>IF YOU DISPUTE YOUR INDIVIDUAL WORK WEEKS</u>

If you believe the number of Individual Work Weeks listed above is incorrect, check the box below, and send this California FLSA Opt In Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe are the correct number of Individual Work Weeks you worked in a field representative, field quality specialist and/or market quality specialist position or senior variations of those titles in California during the time period January 9, 2011 through [preliminary approval or December 31, 2014, whichever is earlier].

The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. <u>Please be advised that the number of Individual Work Weeks is presumed to be correct unless the documents you submit are company records from Nielsen.</u>

☐ I disagree with the Individual Work Week information listed above **and** have submitted supporting documentation.

---

**CONSENT TO BECOME A PARTY PLAINTIFF**
**Rulli et. al. v. Nielsen Company (US), LLC**
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

---

By my signature below, I acknowledge that I have received the Notice and hereby consent to join as a party plaintiff in the Lawsuit entitled Rulli et. al. v. Nielsen Company (US), LLC, Case No. Case No. 3:14CV01835 VC, pending in the United States District Court for the Northern District of California, in order to participate in the Settlement regarding Nielsen's alleged violations of the Fair Labor Standards Act (29 U.S.C. section 201 et seq.). I understand that by filing this California FLSA Opt In Form, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Dated: _____        _____
                                                                          Signature (Sign your name)


_____                _____
(Print your name)

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT, **no later than** _____, 2014 to the following address:

**Rulli et. al. v. Nielsen Company (US), LLC**
c/o _____
[Address]

FLSA OPT-IN FORM SUBMITTED 11-06-2014

---

**CALIFORNIA FLSA OPT IN FORM**
<u>Rulli et. al. v. Nielsen Company (US), LLC</u>
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

---

**YOU MUST RETURN THE ATTACHED CONSENT TO BECOME A PARTY PLAINTIFF FORM TO RECEIVE YOUR CALIFORNIA FLSA CLASS INDIVIDUAL SETTLEMENT PAYMENT**

**YOUR ESTIMATED CALIFORNIA FLSA CLASS INDIVIDUAL SETTLEMENT PAYMENT: $▨▨▨▨**

This estimate is based on corporate and business records maintained by Nielsen, which show that the total number of weeks you were employed by Nielsen as a California FLSA Class Member, excluding leaves of absence and applying the Work Weeks Discount, where applicable ("Individual Work Weeks"). Your Individual Work Weeks are: ▨▨▨▨.

Work Weeks Discount: Individual Work Weeks for the time period March 1, 2014 through [Preliminary Approval or December 31, 2014, whichever is earlier], are discounted by 75%, rounding to the nearest full work week and with each applicable Class Member being allocated at least one work week.

**Information regarding the Class, Settlement and the Lawsuit is contained in the accompanying Notice.**

I.   <u>CLAIMANT IDENTIFICATION</u>                    Please Make any Name/Address Corrections Below:

&lt;&lt;First&gt;&gt; &lt;&lt;Last&gt;&gt;                      _____
&lt;&lt;Address1&gt;&gt;                          _____
&lt;&lt;Address2&gt;&gt;                          _____
&lt;&lt;City&gt;&gt; &lt;&lt;State&gt;&gt; &lt;Zip&gt;&gt;              _____

II.   <u>YOUR RIGHT TO JOIN AND OBTAIN MONEY FROM THIS LAWSUIT</u>

As a California FLSA Class Member, or as a representative, assign, heir, executor, administrator, custodian, predecessor or successor in interest to a California FLSA Class Member, you may join this Lawsuit and obtain your California FLSA Class Individual Settlement Payment by completing and mailing this California FLSA Opt In Form by first-class mail, **postmarked no later than ▨▨▨▨, 2014** to the Settlement Administrator.

**If you fail to complete and timely mail this form by [Date], you will not receive any money in connection with the California FLSA Class Settlement or be able to participate in the California FLSA Class portion of the Lawsuit.**

III.   <u>IF YOU DISPUTE YOUR INDIVIDUAL WORK WEEKS</u>

If you believe the number of Individual Work Weeks listed above is incorrect, check the box below, and send this California FLSA Opt In Form, a letter, and supporting documentation to the Settlement Administrator indicating what you believe are the correct number of Individual Work Weeks you worked in a field representative, field quality specialist and/or market quality specialist position or senior variations of those titles in California during the time period January 9, 2011 through [preliminary approval or December 31, 2014, whichever is earlier], taking into account the Work Weeks Discount, as applicable.

The Settlement Administrator will resolve any dispute based upon Nielsen's records and any documents and information you provide. <u>Please be advised that the number of Individual Work Weeks is presumed to be correct unless proven otherwise.</u>

☐  I disagree with the Individual Work Week information listed above **and have submitted supporting documentation.**

---

**CONSENT TO BECOME A PARTY PLAINTIFF**
**Rulli et. al. v. Nielsen Company (US), LLC**
**United States District Court, Northern District of California, Case No. 3:14CV01835 VC**

---

By my signature below, I acknowledge that I have received the Notice and hereby consent to join as a party plaintiff in the Lawsuit entitled Rulli et. al. v. Nielsen Company (US), LLC, Case No. Case No. 3:14CV01835 VC, pending in the United States District Court for the Northern District of California, in order to participate in the Settlement regarding Nielsen's alleged violations of the Fair Labor Standards Act (29 U.S.C. section 201 et seq.). I understand that by filing this California FLSA Opt In Form, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Dated: _____                _____
                                                Signature (Sign your name)

[prepopulate name]

PLEASE POSTMARK THIS FORM IN TIME FOR FILING WITH THE COURT, **no later than** ▨▨▨▨▨, 2014 to the following address:

**Rulli et. al. v. Nielsen Company (US), LLC**
**c/o ▨▨▨▨▨▨**
**[Address]**