David Borgen (SBN 099354)
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Gregg I. Shavitz (admitted *pro hac vice*)
gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway Suite 404
Boca Raton, FL 33432
Tel: (800) 616-4000
Fax: (561) 447-8831

Attorneys for Plaintiffs and the Settlement Classes

Julia C. Riechert
jriechert@orrick.com
Jessica R. Perry
jperry@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel: (650) 614-7350
Fax: (650) 614-7401

Attorneys for Defendant Nielsen Company (US), LLC

FILED

MAY 21 2015

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RULLI, JOSE BUENROSTRO, EDWIN BUMP, and ENRIQUE CRUZ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIELSEN COMPANY (U.S.) LLC,<br><br>Defendants. | Case No.: 3:14-CV-01835 VC<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Hon. Vince Chhabria<br><br>Date: May 27, 2015<br>Time: 10:00 a.m.<br>Ctrm: 4, 17th Floor |

The Motions for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Service Awards, filed by Plaintiffs Steve Rulli, Jose Buenrostro, Edwin Bump, and Enrique Cruz ("Plaintiffs"), came on for hearing regularly in Courtroom 4 of the above captioned court, the Honorable Vincent Chhabria presiding. Defendant Nielsen Company (US), LLC ("Nielsen" or "Defendant") does not oppose the motion.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all Parties to the action.

2. The Court finds that zero (0) California Class Members have objected to the Settlement and zero (0) California Class Members have requested exclusion from the Settlement. Additionally, 65 California FLSA Class Members, representing 63% of the California FLSA Class, have filed timely and valid California FLSA Opt In Forms.

3. The Court hereby GRANTS Final Approval of the terms and conditions contained in the Stipulation of Settlement (as modified by the Amendment to Stipulation of Settlement and Release dated December 23, 2014) (ECF Nos. 36-3 and 45). The Court finds that the terms of the Stipulation of Settlement (as amended) are fair, reasonable, and adequate, pursuant to Federal Rule of Civil Procedure 23, the Fair Labor Standards Act and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable to the Class Members, representing an estimated 27% of the likely total exposure, when the strength of their claims is balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (4) the proposed Settlement is supported by the opinion of experienced and well-qualified Class Counsel; and (5) the Settlement Classes have expressed uniform support of the Settlement.

5. The Court hereby makes final its earlier provisional certification of the California Class and California FLSA Class, in accordance with the Stipulation of Settlement (as amended), for the purposes of this Settlement only. The California Class is defined as "all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California between April 22, 2010 and December 31, 2014, and who did not previously execute general releases" and the California FLSA Class is defined as "all current and former employees employed in field representative, field quality specialist and/or market quality specialist positions or senior variations of those titles by Defendant in California between January 9, 2011 and December 31, 2014."

6. The Court finds that the approved Notice of a Class and Collective Action Settlement ("Notice") attached to the Declaration of Stacy Roe Regarding Settlement Administrator, Ex. A (ECF No. 46-7), fully and accurately informed the Class Members of all material elements of the proposed Class Settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with F.R.C.P. Rule 23(e)(1)(B), due process, and other applicable laws. The Notice fairly and adequately described the Class Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. The Court has also been advised that Defendant has given all of the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715. A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all California Class Members, since none timely and properly executed a request for exclusion, and all California FLSA Class Members who submitted timely opt-ins are bound by this Order and the Judgment.

7. The Court finds that the Settlement is fair, reasonable, and adequate as to the Classes, Plaintiffs and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to F.R.C.P. 23(e)(1), and specifically:

|   |   |   |
|---|---|---|
| 1 | a. | Approves the gross Settlement Amount of $950,000; |
| 2 | b. | Approves the distribution of the Individual Settlement Payments to members of the Classes in the manner specified in the Settlement, including that all uncashed Settlement checks will escheat to the California Industrial Relations Unclaimed Wages Fund; |
| 5 | c. | Approves the payment of Service awards of $7,500 for each of the Class Representatives Steve Rulli, Jose Buenrostro, Edwin Bump, and Enrique Cruz and finds that these awards are fair and reasonable for the work these individuals provided to the Classes and the broader release they executed than the Classes; |
| 9 | d. | Approves the payment of $10,000 to the California Labor and Workforce Development Agency ("LWDA") for the settlement of applicable Private Attorney General Act penalties, Labor Code sections 2699 *et seq*; |
| 12 | e. | Approves the payment of $10,000 to Rust Consulting, as the appointed Settlement Administrator for the purpose of the Settlement, for reasonable administration costs; |
| 14 | f. | Confirms the appointments of Goldstein, Borgen, Dardarian & Ho and Shavitz Law Group, P.A. as counsel for the Class, and four named Plaintiffs as Class Representatives for the Class; |
| 17 | g. | Approves Class Counsel's requested fees award of $237,500 or 25% of the gross Settlement Amount, after finding the amount justified under the common fund approach because it is supported by the 25% benchmark of this District, the excellent results obtained, substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the Classes, and additional work required of them to bring this Settlement to conclusion.  The Court further finds the fees award further supported by the lodestar crosscheck, whereby it finds that Goldstein Borgen Dardarian & Ho's and Shavitz Law Group's 2015 hourly rates, as appointed Class Counsel, are reasonable, the estimated hours expended are reasonable, and the application of an negative multiplier is reasonable; |
| 27 | h. | Approves Class Counsel's actual expenses in prosecuting this Action in the amount of $12,000 as reasonably incurred. |

8. The Court orders, applying the Payment Obligation and Class Release Date as defined in the Settlement, the following implementation schedule for further proceedings:

| Deadline | Action |
|---|---|
| Seven (7) Calendar Days After Payment Obligation and Class Release Date | Defendant to provide the Settlement Administrator with sufficient funds to make all payments owed under the Settlement. |
| Fourteen (14) Calendar Days After Payment Obligation and Class Release Date | Settlement Administrator will mail or wire all required payments under the Settlement. |
| One-hundred eighty (180) Calendar Days After Mailing of Settlement Payments | Settlement Administrator will enter stop payment on all uncashed Settlement checks. |
| No later than One-hundred eight-seven (187) Calendar Days After Mailing of Settlement Payments | Settlement Administrator will escheat any uncashed check funds to the California Industrial Relations Unclaimed Wages Fund. |
| Two hundred (200) Calendar Days After Mailing of Settlement Payments | Class Counsel will submit confirmation that all Settlement Administration tasks have been completed. This can be done by filed declaration or notice. |

9. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Stipulation of Settlement are hereby barred.

10. The Court shall retain jurisdiction to enforce the terms of the Stipulation of Settlement. Class Counsel shall notify the Court when all the terms of the Settlement Agreement have been fully carried out and may do so via filed declaration or notice.

IT IS SO ORDERED.

Dated: 5/21/15

HON. VINCENT CHHABRIA